UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA GOLDIN MURO | CIVIL ACTION |
| VERSUS | NO. 19-10812 |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE | SECTION "R" (4) |

# ORDER AND REASONS

Before the Court is defendant Louisiana State University's motion to dismiss for failure to state a claim.[1] Plaintiff's complaint contains adequate facts to state a claim under Title IX for denial of medically necessary maternity leave. As to that claim, the Court denies the motion. Plaintiff's complaint fails to state a claim for unlawful termination from the dental program because of pregnancy. The Court grants the motion with respect to that claim, with leave to amend.

---

[1] R. Doc. 14.

I.  **BACKGROUND**

This Title IX case arises out of the alleged wrongful termination of a dental resident at LSU. The complaint contains the following factual allegations. The plaintiff, Cynthia Goldin Muro, was a resident in LSU's School of Dentistry Prosthodontics Graduate Program.[2] In the fall of 2017, Muro became pregnant.[3] At four months into her pregnancy, in late January or early Feburary 2018, she reached out to the interim program director and the department chair concerning her rights to maternity leave.[4] She was told that LSU did not have a student maternity leave policy.[5] In June 2018, LSU informed Muro that she was to register for classes beginning in mid-August and should keep up remotely in the meantime.[6]

Muro gave birth during the summer of 2018.[7] On August 16, 2018, the program director emailed Muro and stated: "Extenuating medical circumstances aside, our agreement in June was that you would return as a full-time student for one-half of the Summer semester, while completing didactic assignments at home[.]"[8] The director also advised Muro that she

---

2   R. Doc. 1 ¶ 1.
3   *Id.* at 4 ¶ 18.
4   *Id. at* 4 ¶ 19.
5   *Id.* at 4 ¶ 20.
6   *Id.* at 5 ¶¶ 28-30.
7   *Id.* at 5 ¶ 33.
8   *Id.* at 5-6 ¶ 34.

was to return as a full-time student on August 27, 2018, or she would have the option of withdrawal or dismissal from the program.[9]

Muro returned to the program as a full-time student on August 27, 2018, while suffering from post-partum depression.[10] In September, she informed the program director that she was diagnosed with and struggling with post-partum depression.[11] Around October 12, 2019, the interim program director referred Muro to the Campus Assistance Program. In her written referral to the Campus Assistance Program, the program director stated that Muro "has difficulty completing assignments, appears very tired, and reports post-partum depression."[12] Muro underwent a Fitness for Duty evaluation and was cleared on October 29, 2018.[13] Six months later, in April 2019, LSU terminated Muro from the program.[14]

Muro sued LSU, arguing the school violated Title IX by failing to provide her with medically necessary maternity leave and ultimately terminating her from the program.[15] The plaintiff requests declarative and injunctive relief, including an order reinstating her as a student in LSU's

---

[9]     *Id.* at 6 ¶ 35.
[10]    *Id.* at 6 ¶ 37.
[11]    *Id.* at 6 ¶ 38.
[12]    *Id.* at 6-7 ¶¶ 40-41.
[13]    *Id.* at 7 ¶¶ 43-44.
[14]    *Id.* at 7 ¶ 46.
[15]    *Id.* at 7 ¶ 48.

Dentistry Program.[16] LSU moved to dismiss Muro's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Muro did not plead sufficient facts to support the elements of her prima facie case.[17]

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The

---

16     *Id.* at 8.
17     R. Doc. 14.

4

Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III. DISCUSSION

The parties debate what Muro must plead at this stage to avoid dismissal for failure to state a claim. As both parties recognize, courts analyze sex discrimination cases under Title IX by looking to the body of law developed under Title VII. *See, e.g.*, *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 404 (5th Cir. 1996) ("In reviewing claims of sexual discrimination brought under Title IX, whether by students or employees, courts have generally adopted the same legal standards that are applied to such claims under Title VII."). The defendant urges that the Court apply the *McDonnell Douglas* framework here, which requires showing (1) that the plaintiff is a member of a protected class, (2) that the plaintiff suffered an adverse action,

5

and (3) that discrimination was a substantial or motivating factor for the defendant's actions.[18] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But as Muro properly points out, the Supreme Court has held that in Title VII cases, a plaintiff need not plead facts sufficient to establish a *prima facie* case under the *McDonnell Douglas* framework to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

But a plaintiff must do more than merely provide notice of his or her claim, as Muro suggests. The case Muro relies upon for this proposition, *Swierkiewicz*, 534 U.S. 506, was decided before the Supreme Court clarified the pleading standard in *Bell Atlantic v. Twombly*, 505 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although *Swierkiewicz*'s primary holding—that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law, a plaintiff must still plead facts sufficient to raise the right of relief above a speculative level. *See Twombly*, 505 U.S. at 555.

---

[18] R. Doc. 14-1 at 5.

6

In interpreting *Swierkiewicz*'s holding post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must still "plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added) (citing *Raj v. La. State Univ.*, 714 F.3d 322 331 (5th Cir. 2013)). The Fifth Circuit has held that the two ultimate elements a plaintiff must plausibly plead to support a disparate treatment claim are "(1) an adverse employment action, (2) taken against plaintiff *because of* her protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotations omitted).

With limited exceptions not applicable here, Title IX bars sex discrimination by universities accepting federal funds. *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance . . . ."). Courts have held that discrimination on the basis of pregnancy, childbirth, or related medical conditions is a form of sex discrimination prohibited by Title IX. *See, e.g., Conley v. Nw. Fla. State Coll.*, 145 F. Supp. 3d 1073, 1076-79 (N.D. Fla. 2015); *Bakewell v. Stephen F. Austin State Uni.*, 975 F. Supp. 858, 887 n.39 (E.D. Tex. 1996). Put another

way, an adverse action taken against a student on the basis of pregnancy or pregnancy-related conditions is taken *because of* her sex.

Indeed, the Code of Federal Regulations directly addresses the issue of pregnancy discrimination under Title IX. "A recipient shall not discriminate against any student, or exclude any student from its education program . . . on the basis of such student's pregnancy . . . or recovery therefrom." 34 C.F.R. § 106.40(b)(1). Moreover, when a school does not have a leave policy for its students, the school "shall treat pregnancy . . . and recovery therefrom as a justification for a leave of absence for so long a period of time as is deemed medically necessary by the student's physician, at the conclusion of which the student shall be reinstated to the status which she held when the leave began." *Id.* § 106.40(b)(5). Courts have also found that "protections against pregnancy discrimination do not end with the pregnancy itself; pregnancy discrimination also can be based on medical conditions related to pregnancy." *See, e.g., Hicks v. City of Tuscaloosa*, No. 13-02063, 2015 WL 6123209, at *19 (N.D. Ala. Oct. 19, 2015). And there "is no serious question that post-partum depression is a medical condition related to pregnancy and childbirth." *Id.* at *18.

Here, Muro claims she faced pregnancy discrimination in two ways. First, that she was denied medically necessary leave following pregnancy,

8

and second, that she was unlawfully terminated from the dental program.[19] The Court examines each claim in turn.

Muro first claims that she was denied medically necessary maternity leave because she was forced to return to the program with post-partum depression.[20] LSU argues Muro fails to state a claim because she alleges that the University gave her some requested maternity leave, following which she returned to school in August, but she has not pleaded that she requested additional maternity leave to recover from her pregnancy-related post-partum depression.[21]

LSU's argument fails because, considering the facts in the light most favorable to the plaintiff, Muro pleads facts sufficient to demonstrate that she was denied medically necessary maternity leave. Specifically, she points to emails between the interim program director and herself that demonstrate that the program would not entertain additional maternity leave for Muro in spite of any "extenuating circumstances."[22] The complaint states that in August 2018, the interim program director emailed Muro stating "*Extenuating medical circumstances aside,* our agreement in June was that

---

[19] R. Doc. 1 at 7 ¶ 48.
[20] R. Doc. 1 at 5-7.
[21] *See* R. Doc. 14-1 at 6; R. Doc. 24 at 4-5.
[22] R. Doc. 1 at 5-6 ¶ 34.

9

you would return as a full time student for one half of the Summer semester, while completing didactic assignments at home."[23]  The email continued:  "I met with [the Dean of Academic Affairs] today and we have agreed that you are to return as a full-time student on **Monday, August 27, 2018**.  If you are unable to return as a full time student on this date, you will be given the option of withdrawal from the Prosthodontic program or dismissal from the program."[24]

The phrase "extenuating medical circumstances aside" suggests that LSU was aware of a pregnancy-related medical circumstance that could require additional medically-necessary leave and yet the university still required her to return.  Further, LSU said Muro had to return as a full-time student on August 27, 2018, and if she was unable to, she faced dismissal.  Her allegations plausibly claim that she was not provided medically-necessary maternity leave, as she alleges she was required to return on August 27, 2018, on pain of dismissal, even if she was "unable to return as a full time student," and irrespective of "extenuating circumstances."[25]

---

[23]  *Id.* (emphasis added).
[24]  *Id.* at 6 ¶ 35 (emphasis in original).
[25]  R. Doc. 1 at 5-6 ¶ 34.

Muro also claims that she was unlawfully terminated from the dental program in April 2019.[26] In its motion to dismiss, LSU focuses heavily on the nearly six-month long gap between October 29, 2019, when Muro was cleared for duty, and April 19, 2019, when Muro was actually terminated from the program.[27] LSU argues the six months that are not accounted for in the complaint are fatal to Muro's claim, as they foreclose a plausible conclusion that Muro was terminated *because of* her pregnancy or recovery therefrom. The Court finds that plaintiff has failed to plausibly allege that her pregnancy or recovery from it was reason for her termination.

Muro fails to connect her termination to her pregnancy or a pregnancy related condition. This follows because although Muro has properly alleged that her work was suffering as a result of post-partum depression as late as October 2018, LSU referred her to the Campus Assistance Program and required her to undergo a Fitness for Duty evaluation to ensure that she was able to perform her job. Following this evaluation, Muro was formally cleared and returned to work on October 29, 2018.[28] And it was not until April 19, 2019—nearly six months later—that Muro was terminated.

---

[26]  *Id.* at 7 ¶¶ 46, 48.
[27]  *See* R. Doc. 24 at 5-6.
[28]  R. Doc. 1 at 7 ¶ 44-45.

11

Muro provides nothing to link her pregnancy-related post-partum depression in October to her termination over five months later. She does not make any allegations of continued post-partum depression; nor does she plead that her work continued to suffer as a result of any pregnancy-related condition after she was cleared for duty. Indeed, in the claims for relief, Muro's complaint states that LSU discriminated against her in violation of the law by "failing to provide her with medically necessary maternity leave and ultimately terminating her from the Program,"[29] but she provides nothing to link the two. The only effort Muro makes to link her termination to her pregnancy is one line in the complaint's preliminary statement which alleges that "As a result of Defendant's discriminatory conduct, Defendant dismissed Dr. Goldin from the Program in Spring 2019."[30] But this is just the sort of conclusory allegation the Court need not credit. *See Iqbal*, 556 U.S. at 681. Because Muro alleges no facts linking her termination to her pregnancy, she has not plausibly alleged that the termination was *because of* her pregnancy or a pregnancy-related condition. Therefore, she cannot succeed on this claim.

---

[29] R. Doc. 1 at 7 ¶ 48.
[30] *Id.* at 2 ¶ 4.

Although Muro has not plausibly pleaded facts linking her termination from the program to her pregnancy, this does not mean that she could not do so. The Court therefore finds it appropriate to grant Muro leave to amend so that she may have the opportunity to plead facts plausibly linking her termination to her pregnancy or pregnancy-related condition. "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). When deciding whether leave to amend should be given, the Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman*, 371 U.S. at 182. The Court finds none of these factors present here. The Court will therefore provide Muro with leave to amend within twenty-one days of entry of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). This dismissal is WITHOUT PREJUDICE, and the plaintiff may file an amended complaint within twenty-one days of this Order.

New Orleans, Louisiana, this __7th__ day of November, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE